**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**QWEST CORPORATION,**

**Plaintiff,**

**vs.**

**HIGH 5 NETWORKS, LLC and HIGH 5 NETWORKS II, LLC,**

**Defendants.**

**Case No. _________________**

**COMPLAINT**

Plaintiff Qwest Corporation ("Plaintiff" and "Qwest"), for its Complaint against Defendants High 5 Networks, LLC and/or High 5 Networks II, LLC (collectively "High Five"), alleges and states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Qwest is a Colorado Corporation with its principal place of business in Monroe, Louisiana. Qwest is an indirect wholly-owned subsidiary of Lumen Technologies, Inc. Lumen Technologies, Inc., is a Louisiana corporation with its principal place of business in Monroe, Louisiana.

2. Upon information and belief, and at the time of the events giving rise to this action, Defendant High 5 Networks, LLC is a New Mexico limited liability company with its principal place of business in Rio Rancho, New Mexico.

3. Upon information and belief, and at the time of the events giving rise to this action, Defendant High 5 Networks II, LLC is a New Mexico limited liability company with its principal place of business in Rio Rancho, New Mexico.

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because diversity of citizenship exists, and the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

5. This Court has personal jurisdiction over Defendants because the events giving rise to this action occurred in or near Albuquerque, Bernalillo County, New Mexico.

6. Defendants reside and conduct business in this judicial district, and a substantial part of the events or omissions giving rise to this action occurred in or near Albuquerque, Bernalillo County, New Mexico. Venue is therefore proper in this Court and District pursuant to 28 U.S.C. §§ 124(a)(1), 1391(a), (c).

## BACKGROUND INFORMATION

7. Qwest is a telecommunications company which provides interstate telecommunications services to individual and commercial users. Qwest's telecommunications services are provided through, among other means, a nationwide network of fiber-optic cable, which is buried underground.

8. By state statute and agreement with the City of Albuquerque, Qwest possesses the right to construct, operate, maintain and reinstall a fiber-optic cable system in the City of Albuquerque right-of-way at or near the intersection of San Mateo Boulevard SE & Kathryn Avenue SE in Albuquerque, Bernalillo County, New Mexico. By virtue of this statute, agreement, and/or permission, Qwest is entitled to undisturbed possession of that right. In accordance with its

rights under the law and the agreement with and/or permission from the City of Albuquerque, Qwest installed a fiber-optic cable at or near the intersection of San Mateo Boulevard SE & Kathryn Avenue SE in Albuquerque, Bernalillo County, New Mexico (the "Cable").

**FIRST CLAIM FOR RELIEF - TRESPASS**

9. Qwest adopts and incorporates by reference all allegations contained in paragraphs 1 through 8 above.

10. Upon information and belief, on or about December 6, 2019, Defendants, or one of them, were without the knowledge or consent, and against the will of Qwest, excavating with mechanized equipment at or near the intersection of San Mateo Boulevard SE & Kathryn Avenue SE in Albuquerque, Bernalillo County, New Mexico. Prior to the commencement of the excavation, Qwest correctly located and marked the Cable as required by N.M.S.A. § 62-14-5.

11. Upon information and belief, on or about December 6, 2019, without Qwest's knowledge or consent, and against Qwest's will, Defendants, or one of them, severed the Cable while excavating with mechanized equipment as described in Paragraph 10 above. At the point where it was severed, the Cable was buried at or near the intersection of San Mateo Boulevard SE & Kathryn Avenue SE in Albuquerque, Bernalillo County, New Mexico, pursuant to Qwest's agreement with and/or permission from the City of Albuquerque.

12. As a result of the actions and/or omissions of Defendants, or one of them, Qwest has sustained disturbance to its right of use or servitude and damage to and loss of use of the Cable which has resulted in actual damages to Qwest in excess of $75,000.00, including, but not limited to, direct and indirect costs of repairs, and the loss of the use of the Cable.

13. The actions of Defendants, or one of them, were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Qwest's rights and a conscious indifference to the consequences.

**WHEREFORE**, Qwest prays this Court grant judgment in its favor against Defendants, or one of them, on Qwest's First Claim for Relief, awarding Qwest actual damages in excess of $75,000.00; punitive damages in an amount sufficient to punish Defendants, or one of them, for their actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as the Court may deem just and proper.

**SECOND CLAIM FOR RELIEF - NEGLIGENCE**

14. Qwest adopts and incorporates by reference all allegations contained in paragraphs 1 through 13 above.

15. Upon information and belief, Defendants, or one of them, acted negligently on or about December 6, 2019. This negligent conduct included, but is not limited to, the following:

a. Failing to determine the location of all underground utility facilities in the area of proposed excavation before beginning excavation as required by N.M.S.A. § 62-14-3(A);

b. Failing to plan the excavation to avoid interference with, or damage to, underground utility facilities as required by N.M.S.A. § 62-14-3(B);

c. Failing to determine the exact location of Qwest's previously marked Cable prior to excavating with mechanized equipment in the approximate location of the Cable;

d. Failing to maintain at least an estimated clearance of eighteen inches between Qwest's previously marked Cable and the cutting edge or point of any mechanical excavating equipment utilized in the excavation as required by N.M.S.A. § 62-14-3(D);

e. Failing to take adequate measures to ensure the Cable would not be damaged during the excavation work described in Paragraph 10 above;

f. Failing to adequately train Defendants', or one of their, employees involved with the excavation with respect to the applicable statutes, regulations, and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of N.M.S.A. § 62-14-3;

g. Failing to adequately supervise Defendants', or one of their, employees and ensure that they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of N.M.S.A. § 62-14-3;

h. Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they related to the protection of underground utilities; and

i. Failing to use due care when excavating in and around buried fiber-optic cable.

16. As a result of the actions and/or omissions of Defendants, or one of them, Qwest has sustained damage to and loss of use of the Cable which has resulted in actual damages to Qwest in excess of $75,000.00, including, but not limited to, direct and indirect costs of repairs, and the loss of the use of the Cable.

17. The actions of Defendants, or one of them were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Qwest's rights and a conscious indifference to the consequences.

18. Qwest alleges that Defendants', or one of their, aforementioned acts and/or omissions constitute negligence per se and that said acts and/or omissions were a direct and proximate cause of Qwest's damages.

**WHEREFORE**, Qwest prays this Court grant judgment in Qwest's favor against Defendants, or one of them, on Qwest's Second Claim for Relief, awarding Qwest actual damages in excess of $75,000.00; punitive damages in an amount sufficient to punish Defendants, or one of them, for their actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

**THIRD CLAIM FOR RELIEF – STATUTORY LIABILITY**

19. Qwest adopts and incorporates by reference all allegations contained in paragraphs 1 through 18 above.

20. Defendants, or one of them, failed to make reasonable efforts to determine the location of the Cable as provided in N.M.S.A. Chapter 62, Article 14 and damaged the Cable during the course of its excavation on December 6, 2019.

21. Pursuant to N.M.S.A. § 62-14-6(A), Defendants, or one of them, are strictly liable to Qwest for the actual cost of the damage to the Cable, including the cost of restoration of services.

22. Defendants, or one of them, are further liable to Qwest, pursuant to N.M.S.A. § 62-14-6(A), for the comparative negligence of the person engaging in the excavation which resulted in the damage to the Cable for an additional amount not to exceed three hundred thousand dollars ($300,000.00).

23. Alternatively, should Defendants, or one of them, establish that reasonable efforts were made to determine the location of Qwest's marked Cable prior to the December 6, 2019 excavation which resulted in the damage to the Cable, pursuant to N.M.S.A. § 62-14-6(B), Defendants, or one of them, are strictly liable to Qwest for the actual cost of the damage to the Cable, including the cost of restoration of services.

**WHEREFORE**, Qwest prays this Court grant judgment in Qwest's favor against Defendants, or one of them, on Qwest's Third Claim for Relief, awarding Qwest actual damages in excess of $75,000.00; an additional amount, not to exceed $300,000.00, for the comparative negligence of the person engaging in the excavation which resulted in the damage to the Cable; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

Dated: November 29, 2022

Respectfully submitted,

*/s/ Anthony J. Jorgenson*

Anthony J. Jorgenson, FBN 18-158
**JORGENSON PLLC**
101 Park Avenue, Suite 1300
Oklahoma City, OK 73102
Telephone: (405) 812-1431
Email: Anthony@JorgensonPLLC.com

**ATTORNEYS FOR PLAINTIFF QWEST CORPORATION**